UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**RUSSELL BELLAR** * **DOCKET NO. 10-0734**

**VERSUS** * **JUDGE ROBERT G. JAMES**

**BOSCO LODGE, LLC, ROBERT** * **MAG. JUDGE KAREN L. HAYES**
**STONE, AND LEON MILITELLO, JR.**

## ORDER

Plaintiff Russell Bellar filed the above-captioned matter in federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332. The diversity jurisdiction statute presupposes a civil action between "citizens of different states." 28 U.S.C. § 1332. Moreover, "*[a]ll* plaintiffs must be diverse in citizenship from *all* defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990) (emphasis added).

In this case, plaintiff Russell Bellar is a citizen of Indiana. (Petition for Damages and Injunction). Defendants, Robert Stone and Leon Miltello, Jr. (referred to in the complaint as "Militello" or "Miletello") are Louisiana citizens. *Id*. Defendant, Bosco Lodge, LLC, however, is a Louisiana limited liability company. *Id*. For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1] According to various documents

---

[1] Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10).

in the record, the members of Bosco Lodge LLC are Robert Stone, Leon Miletello, and Russ Bellar(s). *See* Bosco Lodge, L.L.C. Corporate Disclosure Statement; Answer, ¶ 17; and proposed Amend. Ans. & Counterclaim ¶¶ 27-28. The proposed counterclaim suggests that Russ Bellar(s) and plaintiff Russell Bellar are one and the same. Thus, Bosco Lodge L.L.C. is also a citizen of Indiana, and complete diversity is lacking.

Accordingly, the parties are advised that the court is considering dismissing this matter, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).[2] However, the court will defer action for a period of 7 days to allow the parties an opportunity to file memoranda regarding this issue.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 9th day of March 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*