UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **RUSSELL BELLAR** | * | **DOCKET NO. 10-0734** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BOSCO LODGE, L.L.C., ROBERT STONE, AND LEON MILITELLO, JR.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is the threshold issue of subject matter jurisdiction. *See* March 9, 2011, Order [doc. # 20]). For reasons stated below, it is recommended that this matter be DISMISSED, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

Background

On April 30, 2011, Indiana domiciliary Russell Bellar filed the instant suit for damages and injunction in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. ("Petition"). Named defendants included Bosco Lodge, L.L.C.; Robert Stone, and Leon Miletello, Jr. *Id*. Mssrs. Stone and Miletello (sometimes referred to in the pleadings as "Miltello" or "Militello") are Louisiana citizens. *Id*. Furthermore, because Bosco Lodge, L.L.C., is a Louisiana limited liability company, its citizenship is determined by the citizenship of all of its members. According to various documents in the record, the members of Bosco Lodge L.L.C. are Robert Stone, Leon Miletello, and Russ Bellar(s). *See* Bosco Lodge, L.L.C. Corporate Disclosure Statement; Answer, ¶ 17; and proposed Amend. Ans. & Counterclaim ¶¶ 27-28. The

proposed counterclaim suggests that Russ Bellar(s) and plaintiff Russell Bellar are one and the same. Therefore, Bosco Lodge L.L.C. is a citizen of Indiana and Louisiana (for purposes of diversity), and complete diversity is lacking.

On March 9, 2011, the undersigned brought this issue to the parties' attention, and stated that the court was considering dismissing the matter, without prejudice, for lack of subject matter jurisdiction. (March 9, 2011, Order [doc. # 20]). Before doing so, however, the court afforded the parties an opportunity to address the issue. *Id*.

On March 10, 2011, defendants filed a memorandum stating that they had no objection to the court's proposed course of action. (Defs. Response [doc. # 21]). Counsel further represented that Bellar had testified under oath that he was a member of Bosco Lodge, L.L.C.. *Id*.

On March 16, 2011, plaintiff lodged his objection to the proposed dismissal. (Pl. Response [doc. # 22]). Counsel represented that all parties had testified that "there has been no operating agreement ever signed by Bellar, nor has Bellar ever executed the Articles of Organization, nor filed same with the Louisiana Secretary of State." *Id*. Bellar nonetheless acknowledged that he intended to be a member of Bosco Lodge, L.L.C., and that, at a minimum, there was "some loose form of partnership among the parties . . ." *Id*. Bellar conceded that he is "unsure whether he is a true and actual member" of Bosco Lodge, L.L.C. on the basis that he never signed relevant organizing documents. *Id*. He explained that he joined Bosco Lodge L.L.C. in this matter merely "out of an abundance of precaution." *Id*. Bellar asked for leave to cure any jurisdictional defects in the event that the court determines that it lacks diversity jurisdiction. *Id*. The matter is now before the court.

2

## Law and Analysis

Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). **The burden of establishing federal jurisdiction rests on the party invoking the federal forum.** *Id.* Moreover, litigants cannot confer federal subject matter by waiver or consent. *Elam v. The Kansas City Southern Ry. Co.*, ___ F.3d ___, 2011 WL 873561 (5th Cir. March 15, 2011) (citations omitted). A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Randall D. Wolcott, M.D., P.A. v. Sebellius*, ___ F.3d ___, 2011 WL 870724 (March 15, 2011) (citations omitted).

When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

For purposes of diversity, the citizenship of an L.L.C. is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Here, the pleadings and documents of record indicate that plaintiff is a member of defendant, Bosco Lodge, L.L.C.. As such, complete diversity is lacking.

Plaintiff contends that he is not sure whether he is a member of Bosco Lodge L.L.C., because he never signed any documents of organization. However, according to the "Agreement" signed by plaintiff, he intended to create Bosco Lodge L.L.C., and agreed that he would "own" one-third of the limited liability company. (Agreement; Compl., Exh. A). Also, the Louisiana Secretary of State's website reveals that Bosco Lodge, L.L.C. was organized in August 2008 (shortly after the "Agreement" was signed), and that Russ Bellar (who resides in Indiana) is one of three "Manager, Member[s]."[1] Furthermore, there is no requirement that an L.L.C. needs an operating agreement. *Advanced Orthopedics, L.L.C. v. Moon*, 656 So.2d 1103, 1105-06 (La. App. 5th Cir. 1995). Rather, "[t]he certificate of organization shall be conclusive evidence of the fact that the limited liability company has been duly organized . . ." *Id*. (citing La. R.S. 12:1304B).

In short, plaintiff, who enjoys the burden of establishing subject matter jurisdiction, has not demonstrated that he is *not* a member of Bosco Lodge, L.L.C. At best, he claims that he remains "unsure." Under these circumstances, the court must construe any ambiguity against jurisdiction, and find that complete diversity is lacking.

---

[1] http://www.sos.louisiana.gov/tabid/819/Default.aspx ; search for "Bosco Lodge." (Last visited on March 17, 2011).

Plaintiff asks the court for an opportunity to cure the jurisdictional defect. Perhaps the most direct remedy would be the voluntary dismissal of Bosco Lodge, L.L.C. While dismissing Bosco Lodge L.L.C. arguably cures the lack of diversity, it potentially subjects the complaint to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19. Indeed, according to the complaint and the "Agreement" attached thereto, Bosco Lodge, L.L.C. was required to execute a promissory note in plaintiff's favor and to make payments under the note to plaintiff. (Petition, ¶ 7; Agreement, ¶¶ 4-6). Thus, at least a portion of plaintiff's requested relief is owed by Bosco Lodge, L.L.C. Consequently, the jurisdictional reprieve afforded by the dismissal of Bosco Lodge, L.L.C., may prove short-lived and ineffectual, in any event.[2]

The potential hardship occasioned by this dismissal is ameliorated by the court's appreciation that plaintiff may re-file this matter in state court during the delays associated with this report and recommendation. Such a filing will help to ensure that the state court suit is not defeated by the delays associated with this proceeding. *See* La. Civ. Code Art. 3462; *Breaux v. Vicknair*, 507 So.2d 1242 (La. 1987); *Woods v. State, Dept. of Health and Hospitals*, 992 So.2d 1050, 1055 (La. App. 1st Cir.), *writ denied*, 996 So.2d 1133 (La. 2008). Also, although it is unfortunate that the parties will have to undergo the trouble and expense of re-filing the existing pleadings in the state court suit, much of the discovery and work performed here should readily transfer to that proceeding.

For the foregoing reasons, the undersigned finds that plaintiff has not met his burden of

---

[2] For the same reasons, realignment does not appear to be a viable option either.

establishing the existence of federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. § 1332. When subject matter jurisdiction is lacking, dismissal is required. Fed.R.Civ.P. 12(h)(3). Accordingly,

**IT IS RECOMMENDED** that the instant complaint be **DISMISSED, without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 18th day of March 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE